**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:15-CV-00111-RLV-DCK**

| | |
|---|---|
| ZLOOP, INC., )<br>)<br>    **Plaintiff,** )<br>)<br>v. )<br>)<br>WILLIAM WALLS, ET AL., )<br>)<br>    **Defendants.** )<br>) | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** pursuant to a *sua sponte* review of the Court's subject matter jurisdiction. The Court has determined that, based on the parties' submissions, it lacks subject matter jurisdiction over this action. Accordingly, this matter is hereby **REMANDED** to the Superior Court of Catawba County, North Carolina.

### I.    BACKGROUND

On July 31, 2015, the Plaintiff filed a verified complaint in the Superior Court of Catawba County, North Carolina against Defendants Recycling Equipment, Inc. (hereinafter, "REI"), William Walls, Joe Szany, and Scott Sharp. [Doc. No. 1-1] at p. 1. Plaintiff alleges that it is incorporated under the laws of the State of Delaware and that it is "headquartered" in Hickory, North Carolina. *See* [Doc. No. 1-1] at p. 1 (¶ 1). REI is alleged to be incorporated in North Carolina. *Id.* at p. 1 (¶ 2). Each of the individual defendants are also alleged to be North Carolina residents. *Id.* at pp. 1-2 (¶¶ 3-5). On October 28, 2015, Defendant REI and the individual defendants removed the complaint to this Court. *See* [Doc. No. 1]. Therein, Defendants allege that diversity jurisdiction is proper pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1332. [Doc. No. 1] at pp. 1-2 (¶ 2). In support of their claim to subject matter jurisdiction, Defendants contend that they are each

domiciled in North Carolina and that Plaintiff is a Delaware corporation. [Doc. No. 1] at p. 2 (¶¶ 3-5). Indeed, Defendants allege that they are "completely diverse" from the Plaintiff. *Id.* at p. 2 (¶ 6). In their answer, Defendants admit Plaintiff's allegations regarding its citizenship. *See* [Doc. No. 10] at p. 1 (¶ 1).

## II. DISCUSSION

Federal district courts are courts of limited jurisdiction. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009). "They possess only the jurisdiction authorized them by the United States Constitution and by federal statute." *Jadhav*, 555 F.3d at 347 (citing *Bowles v. Russell*, 551 U.S. 205 (2007)). To that end, district courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Fourth Circuit has consistently held that "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008); *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005).

Moreover, "[s]ubject matter jurisdiction cannot be forfeited or waived, and can be raised by a party, or by the court *sua sponte*, at any time prior to final judgment." *In re Kirkland*, 600 F.3d 310, 314 (4th Cir. 2010); *see McCulloch v. Vélez*, 364 F.3d 1, 5 (1st Cir. 2004) ("It is black-letter law that a federal court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction."); *see also Snead v. Bd of Educ. of Prince George's Cnty*, 815 F. Supp. 2d 889, 893-94 (D. Md. 2011). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "the court

must dismiss the action" if it determines that it lacks subject matter jurisdiction. *See Arbaugh*, 546 U.S. at 506-07. This is because "jurisdiction goes to the very power of the court to act." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

Diversity jurisdiction exists where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction exists when complete diversity of citizenship exists among the parties . . . ." *Skeens v. Alpha Natural Res., Inc.*, 583 Fed. App'x 200, 201 (4th Cir. 2014). "Complete diversity" means "that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Schneider v. CCC-Boone, LLC*, 2014 U.S. Dist. LEXIS 163663, at *4 (W.D.N.C. 2014) (Voorhees, J.) (citing *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011)); *see also Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 170 (4th Cir. 2014) ("[T]he citizenship of each plaintiff must be different from the citizenship of each defendant."). Citizenship, for diversity purposes, is determined at the time the suit is filed. *See Grupo Dataflux v. Atlas Global Group*, 541 U.S. 567, 570-71 (2004); *Jones v. CertusBank NA*, 605 Fed. App'x 218, 219 (4th Cir. June 9, 2015) (per curiam).

When filing an action in federal court, "[t]he burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." *King v. Cessna Aircraft Co.*, 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir. 1966)); *accord Piney Run Pres. Ass'n v. Cnty. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). However, when an action is removed to federal court, the burden of showing diversity is on the removing party. *See*, *e.g.*, *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Osia v. Rent-A-Center, Inc.*, 2015 U.S. Dist. LEXIS

82999, at *11 (D. Md. June 25, 2015); *accord Brennan v. Carolina Coach & Camper, LLC*, 2015 U.S. Dist. LEXIS 146242, at *4-5 (W.D.N.C. Oct. 28, 2015) (Voorhees, J.).

With respect to corporations and other legally-created entities, specific diversity rules apply. *See Brennan*, 2015 U.S. Dist. LEXIS 146242, at *5. Specifically, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1); *accord Cent. W. Va. Energy Co.*, 636 F.3d at 103. As the Supreme Court has wisely recognized, a corporation's "principal place of business" is

> best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is . . . called the corporation's "nerve center." . . . [I]n practice it should normally be the place where the corporation maintains its headquarters . . . .

*Hertz Corp.*, 559 U.S. at 92-93.

It is clear in this case that the Court's subject matter jurisdiction depends upon a finding of complete diversity. However, the complaint, answer, and notice of removal together demonstrate that diversity jurisdiction is patently lacking. Although Plaintiff is incorporated under the laws of Delaware, its principal place of business is alleged to be where it is headquartered – in North Carolina. Similarly, the citizenship of each of the Defendants is also alleged to be North Carolina.[1]

---

[1] The Court also notes that a matter may not be removed "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *See* 28 U.S.C. § 1441(b)(2). However, the majority rule is that a failure to follow this rule does not deprive a district court of subject matter jurisdiction. *See*, *e.g.*, *Brazell v. Waite*, 525 Fed. App'x 878, 884 (10th Cir. 2013) ("[T]he forum-defendant rule is not jurisdictional and may therefore be waived."); *Morris v. Nuzzo*, 718 F.3d 660, 665 (7th Cir. 2013); *Young Kim v. Nat'l Certification Comm'n for Acupuncture & Oriental Med.*, 888 F. Supp. 2d 78, 82 (D.C. Cir. 2012); *RFF Family P'ship, LP v. Wasserman*, 316 Fed. App'x 410, 411 (6th Cir. 2009); *Lively v. Wild Oats Market, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006); *Handelsman v. Bedford Village Assoc. Ltd P'ship*, 213 F.3d 48, 50 n.2 (2d Cir. 2000); *Blackburn v. United Parcel Serv., Inc.*, 179 F.3d 81, 90 n.3 (3d Cir. 1999); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); In re Shell Oil Co., 932 F.2d 1518, 1523 (5th Cir. 1991); *Farm Constr. Servs. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987). Only the Eighth Circuit has diverged from the majority of its sister courts. *See Horton v. Conklin*, 431 F.3d 602, 605 (8th Cir. 2005) (adhering to interpretation of forum-defendant rule as jurisdictional). The Fourth Circuit has not, as of yet, taken a stance on this issue. Nevertheless, because this matter should be remanded on a more legally-established ground, the Court need not analyze or take a position on whether a failure to comply with § 1441(b)(2)

Thus, complete diversity does not exist because it is clear from the pleadings (and other matters of public record) that the Plaintiff is a citizen of North Carolina. *See*, *e.g.*, *Zloop, Inc. v. E Recycling Systems, LLC, et al.*, 5:14-CV-00087-RLV-DSC (W.D.N.C. 2014), [Doc. No. 1] at p. 1 (¶ 1) (Federal Complaint) (alleging and confirming that Zloop is a corporation headquartered in Hickory, North Carolina for the purpose of obtaining jurisdiction with this Court). Accordingly, the Court must presume this action falls outside the limited subject matter jurisdiction granted to it by the Constitution and federal statute. *See*, *e.g.*, *Poole*, 531 F.3d at 274; *Barbour v. Int'l. Union*, 640 F.3d 599, 605 (4th Cir. 2011) (en banc) (When presented with the removal of an action from the state courts, a federal court must "presume 'that a cause lies outside [its] limited jurisdiction, . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("If federal jurisdiction is doubtful, a remand is necessary."). For that reason, the Court is required to remand this action to the North Carolina state court system.

### III. DECRETAL

**IT IS, THEREFORE, ORDERED THAT**

(1) This matter is hereby **REMANDED** to the Superior Court of Catawba County, North Carolina; and

(2) The Clerk shall administratively terminate this case.

**SO ORDERED**.

Signed: June 1, 2016

Richard L. Voorhees
United States District Judge

---

also deprives it of subject matter jurisdiction. However, the Court would expect this issue to be raised by counsel in any proceedings in the future.